IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CASSIE KUHR, and NICK KUHR, by and through their mother and next friend, JEANNE KUHR and DAN KUHR, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | 8:09CV363 |
| V. | ) ) | |
| MILLARD PUBLIC SCHOOL DISTRICT, and DR. KEITH LUTZ, in his capacity as Superintendent of Millard Public Schools, | ) ) ) ) ) | ORDER |
| Defendants. | ) | |

This matter is before the court on Plaintiffs' Motion for Leave to Amend Complaint (filing 59).  Plaintiffs' Motion will be denied.

## BACKGROUND

On October 9, 2009, Plaintiffs instituted this action seeking injunctive relief and a declaration that Defendants' actions were illegal and in contravention of Plaintiffs' constitutional rights. (Filing 1.)  The complaint did not seek an award of monetary damages or seek relief for others similarly situated to Plaintiffs. (Id.)

The court entered an Order for Initial Progression of Case (filing 18) on January 7, 2010, which required that motions to amend pleadings be filed no later than March 30, 2010. On January 22, 2010, Plaintiffs filed a motion for leave to file an amended complaint (filing 19).  The basis for that motion was that Plaintiff Dan Kuhr was inaccurately captioned as a minor and Plaintiffs wished to modify the complaint so that Dan Kur could stand for himself as Plaintiff. (Id.)  The court granted Plaintiffs' motion (filing 22) and an amended complaint was filed on February 16, 2010 (filing 23).  The amended complaint only modified the original complaint by identifying Dan Kuhr, individually, as one of the plaintiffs.  Like the original complaint, the amended complaint does not seek an award of monetary damages or seek relief for others similarly situated to Plaintiffs. (Id.)

On May 5, 2011, the court entered an Order for Final Schedule for Progression of a Civil Case (filing 48), which set September 30, 2011, as the deadline for filing motions for summary judgment.  Defendants filed a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment ("Motion for Summary Judgment") (filing 56) on August 15, 2011.[1]  Two-weeks later, on August 29, 2011, Plaintiffs filed their present Motion for Leave to Amend Complaint (filing 59), seeking to add claims for monetary damages and declaratory relief to prevent irreparable harm of Plaintiffs' rights and the rights of others.  As noted above, these claims and remedies were not included in Plaintiffs' original or amended complaint.  (Filings 1, 23, 59.)

The pretrial conference in this case is scheduled for December 12, 2011, and a jury trial is set for the week of January 24, 2012.

**ANALYSIS**

Federal Rule of Civil Procedure 15(a) provides that the court "should freely give leave [to amend] when justice so requires.  However, parties do not have an absolute right to amend their pleading, even under this standard. *United States ex rel. Lee v. Fairview Health Sys.*, 413 F.3d 748, 749 (8th Cir. 2005).  The Eighth Circuit Court of Appeals has found that it is not an abuse of discretion to deny a motion to amend when late tendered amendments involve new theories of recovery or impose additional discovery requirements. *See Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998).  *See also Barrett v. Independent Order of Foresters*, 625 F.2d 73, 75 (5th Cir. 1980) (affirming denial of leave to amend, where "amendment sought to add several . . . additional counts" and "[e]ven though the motion was not filed until nearly ten months after the original complaint, there would appear to be no matters . . . which could not have been raised initially.") Accordingly, "[a]t some point in time delay on the part of a plaintiff can be procedurally fatal.  In that situation, the plaintiff must meet the burden of showing that the delay 'was due to oversight, inadvertence, or excusable neglect.'" *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981) (quoting *Frank Adam Elec. Co. v. Westinghouse Elec. & Mfg. Co.*, 146 F.2d 165, 167 (8th Cir. 1945)).

---

[1] The Motion for Summary Judgment remains pending before the court.

2

This case has been pending for two years and Plaintiffs have already been allowed to amend their complaint. Plaintiffs' present Motion was filed long after the deadline to amend pleadings and approximately eleven days before the court's scheduled discovery deadline. Moreover, Plaintiffs' Motion was filed after Defendants had filed their Motion for Summary Judgment. *See Hammer v. City of Osage Beach, MO*, 318 F.3d 832, 844-45 (8th Cir. 2003) (affirming denial of a motion to amend where the plaintiff filed his second motion to amend where the district court had already granted leave to amend once, and the second motion for leave to amend was filed after discovery had closed and the defendant had moved for summary judgment). The fact that the pretrial conference in this case is scheduled for December 12, 2011, and a jury trial is set for the week of January 24, 2012, is also significant. *See Thompson-El v. Jones*, 876 F.2d 66, 67 (8th Cir. 1989) ( "When a considerable amount of time has passed since the filing of a complaint and the motion to amend is made on the eve of trial and will cause prejudice and further delay, courts require the movant to provide some valid reason for the belatedness of the motion.").

Plaintiffs have not responded to Defendants' Objection to Plaintiffs' Motion for Leave to Amend Complaint (filing 60) and Plaintiffs' Motion for Leave to Amend Complaint (filing 59) does not provide any explanation as to why the amendments sought could not have been raised earlier or provide good cause for allowing another amendment at this late stage in the litigation. In light of these facts, Plaintiffs' Motion for Leave to Amend Complaint (filing 59) will be denied.

**IT IS ORDERED** that Plaintiff's Motion for Leave to Amend Complaint (filing 59) is denied.

**DATED October 14, 2011.**

                                            **BY THE COURT:**

                                            S/ F.A. Gossett
                                            **United States Magistrate Judge**