IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CASSIE KUHR and NICK KUHR, by and through their Mother and Next Friend, JEANNE KUHR, and DAN KUHR, | ) ) ) ) | CASE NO. 8:09CV363 |
| Plaintiffs, | ) ) | MEMORANDUM AND ORDER |
| vs. | ) ) | |
| MILLARD PUBLIC SCHOOL DISTRICT, and DR. KEITH LUTZ, in his capacity as Superintendent of Millard Public Schools, | ) ) ) ) ) | |
| Defendants. | ) | |

This matter is before the Court on the Motion to Amend Order Denying Defendants' Motion for Summary Judgment (Filing No. 82) filed by Defendants Millard Public School District (MPSD) and Dr. Keith Lutz. The Court has considered the parties' briefs (Filing Nos. 82 and 89), and for the reasons discussed below, Defendants' Motion will be denied.

On November 8, 2011, this Court issued an Order (Filing No. 81) denying Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (Filing No. 56). In that Order the Court found that Plaintiffs' requests for injunctive and declaratory relief were moot, but that a claim for nominal damages was encompassed in Plaintiffs' claim for relief. (Filing No. 81, at 12–13.) The Order then stated in relevant part:

> Plaintiffs' First Amendment claim is redressable if Plaintiffs seek nominal damages and attorneys fees, and this will prevent dismissal for mootness. *Advantage Media, L.L.C. v. City of Eden Prairie*, 456 F.3d 793, 802 (8th Cir. 2006). Some have questioned whether a claim for nominal damages truly presents a justiciable "case or controversy." *See, e.g., Utah Animal Rights Coalition v. Salt Lake City Corp.*, 371 F.3d 1248, 1262–71(10th Cir. 2004) (McConnell, J., concurring). However, the majority of circuits agree that a claim for nominal damages will prevent mootness. *See, e.g., Id.*, at 1272 n.2 (Henry, J., concurring) (collecting cases).

(*Id.*)

Defendants dispute that a claim for nominal damages can prevent mootness and now ask the Court to amend its prior Order to allow them to appeal this issue under 28 U.S.C. § 1292(b).

## DISCUSSION

28 U.S.C. § 1292(b) allows a district court to certify an interlocutory appeal of an order where the court determines that "'(1) the order involves a controlling question of law; (2) there is substantial ground for difference of opinion; and (3) certification will materially advance the ultimate termination of the litigation.'" *Union Cnty., Iowa v. Piper Jaffray & Co.*, 525 F.3d 643, 646 (8th Cir. 2008) (*quoting White v. Nix*, 43 F.3d 374, 377 (8th Cir.1994)).  Permission to allow such appeals should only be granted "'sparingly and with discrimination.'" *Id.* at 646 (*quoting White*, 43 F.3d at 376).  The legislative history of § 1292(b) "'indicates that it was to be used only in extraordinary cases where decision of an interlocutory appeal might avoid protracted and expensive litigation.'" *Id.* (*quoting U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir.1966)).

### 1.    **Controlling Question of Law**

The portion of this Court's Order that Defendants seek to appeal clearly involves a "controlling question of law." Plaintiffs' claim for nominal damages is their sole remaining basis for invoking federal jurisdiction. If the Eighth Circuit were to hold that nominal damages will not prevent dismissal for mootness, Plaintiffs' entire case would be dismissed.

### 2.     Substantial Ground for Difference of Opinion

There is not a "substantial ground for difference of opinion" on the issue before the Court.  "'Identification of "a sufficient number of conflicting and contradictory opinions" would provide substantial ground for disagreement.'" *Union Cnty.*, 43 F.3d at 647 (*quoting White*, 43 F.3d at 378 (*quoting Oyster v. Johns-Manville Corp.*, 568 F. Supp. 83, 88 (E.D. Pa. 1983))).  "To determine if a 'substantial ground for difference of opinion' exists under § 1292(b), courts must examine to what extent the controlling law is unclear." *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010).  The law may be unclear where "'the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point.'" *Id.* (*quoting* 2 FEDERAL PROCEDURE, LAWYERS EDITION § 3:212 (2011)).

The Eighth Circuit has spoken on the issue at hand.  In *Advantage Media, L.L.C. v. City of Eden Prairie*, 456 F.3d 793 (8th Cir. 2006), the court held that a possible right to nominal damages was sufficient to show redressability and thus confer standing.  *Id.* at 802.  Defendants argue that the concurring opinion of Judge McConnell in *Utah Animal Rights Coal. v. Salt Lake City Corp.*, 371 F.3d 1248, 1262–71 (10th Cir. 2004) (McConnell, J., concurring), establishes substantial grounds for difference of opinion.  However, while Judge McConnell made many compelling arguments, he acknowledged that Tenth Circuit precedent holds that "a claim for nominal damages precludes dismissal of the case on mootness grounds."  *Id.* at 1262–63 (citing *Comm. for the First Amendment v. Campbell*, 962 F.2d 1517, 1526 (10th Cir.1992); *O'Connor v. City & Cnty. of Denver*, 894 F.2d 1210, 1215–16 (10th Cir.1990)).  The Eighth Circuit has spoken, and Judge McConnell's concurrence, while "mak[ing] an important contribution that might call forth some academic

discussion about these issues" does not establish a substantial ground for difference of opinion within the meaning of § 1292(b).  *Id.* at 1271 (Henry, J., concurring).

### 3. Material Advancement of the Litigation

The Court reads the third factor in conjunction with the Eighth Circuit's admonition that interlocutory appeals should only be allowed in "'extraordinary cases'" to avoid "'protracted'" litigation.  *Union Cnty.*, 43 F.3d at 646 (*quoting U.S. Rubber Co.*, 359 F.2d at 785).  Although resolution of this issue in Defendants' favor would avoid the need for a trial, there is no reason to believe that litigation in this case will be protracted, nor have Defendants presented the Court with any reason to believe this is an "extraordinary" case.

Accordingly,

IT IS ORDERED:

1. The Motion to Amend Order Denying Defendants' Motion for Summary Judgment (Filing No. 82) filed by Defendants Millard Public School District (MPSD) and Dr. Keith Lutz is denied.

DATED this 3rd day of January, 2012.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge