IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CASSIE KUHR and NICK KUHR, by and through their Mother and Next Friend, JEANNE KUHR, and DAN KUHR, | ) ) ) ) ) | CASE NO. 8:09CV363 |
| Plaintiffs, | ) ) | MEMORANDUM AND ORDER |
| vs. | ) ) | |
| MILLARD PUBLIC SCHOOL DISTRICT, and DR. KEITH LUTZ, in his capacity as Superintendent of Millard Public Schools, | ) ) ) ) ) | |
| Defendants. | ) | |

This matter is before the Court on the Plaintiffs' Motion in Limine (Filing No. 90) and Supplemental Motion in Limine (Filing No. 103), and the Defendants' Amended Motion in Limine (Filing No. 101).

The Plaintiffs Cassie Kuhr and Nick Kuhr, by and through their Mother and Next Friend, Jeanne Kuhr, and Dan Kuhr (collectively "the Kuhrs"), argue that Defendants Millard Public School District ("MPSD") and Dr. Keith Lutz ("Lutz") should be precluded in limine from introducing evidence in five categories. First, the Kuhrs suggest that MPSD's dress code and rules on memorials are irrelevant, and that any probative value such rules may have is outweighed by the prejudice and confusion that would be caused by their admission. Second, the Kuhrs argue that any justification the Defendants might offer for their censorship of student speech is irrelevant. Third, the Kuhrs seek to exclude certain evidence and witnesses that they contend were not timely disclosed by the Defendants. Fourth, the Kuhrs seek to exclude evidence that the Defendants may attempt to offer that

was not disclosed with reasonable specificity in response to the Kuhrs' discovery requests. Fifth, the Kuhrs assert that newspaper articles should be excluded as hearsay.

The Defendants seek to preclude the Kuhrs from presenting evidence in four categories. First, the Defendants seek to exclude evidence of the purpose and circumstances underlying the "R.I.P." t-shirts at issue in this case, as well as evidence regarding "R.I.P." memorials that followed the death of the school's vice-principal. Second, the Defendants challenge the anticipated testimony of Kuhrs' experts related to street gangs and their culture, asserting that such testimony has no relevance to the issue of what information the Defendants had when making their decision that led to the censorship at issue. Third, The Defendants seek to exclude evidence indicating that Julius Robinson was not a street-gang member or otherwise involved in gang-related activities. Fourth, the Defendants object to certain news reports that were broadcast after the censorship at issue in this case.

**I. Plaintiffs' Motions**

**A. Millard Public School District Rules**

The Kuhrs argue that the school's dress code and rules about memorials are not relevant to the question of whether the school violated students' First Amendment rights, and that any probative value of the code and rules is outweighed by the prejudice and confusion they would cause. The Kuhrs cite to *Blair v. Anderson*, No. 8:07CV295, 2011 WL 839398 (D. Neb. Mar. 4, 2011), for the proposition that "[v]*iolations* of internal policies are irrelevant to whether a constitutional violation [has] occurred." *Id.*, at *3 (emphasis added) (citing *Thompson v. City of Chicago*, 472 F.3d 444, 454 (7th Cir. 2006); *Tanberg*

*v. Sholtis*, 401 F.3d 1151, 1163-64 (10th Cir. 2005); *Bonds v. Dautovic*, 725 F. Supp. 2d 841, 847 (S.D. Iowa 2010)).

While the Defendants cannot trump First Amendment rights by the creation of rules, the rules may be relevant to show the Defendants anticipated that a substantial disruption would be created by certain forms of student expression. *Tinker v. Des Moines Indep. Cmty. Sch. Dist.*, 393 U.S. 503, 509 (1969). The rules and related testimony about why the rules were put in place may contribute to the fact-finders' understanding of what the Defendants knew about the dangers of this kind of expression that they sought to curb.

The Court will deny the Plaintiffs' Motion to exclude this evidence. The Kuhrs may renew their objection at the time of trial and, if necessary, the Court will consider giving a limiting instruction to the jury to mitigate any confusion caused by the introduction of the rules.

**B. Defendants' Justification for Censorship**

The Kuhrs object broadly to evidence or testimony related to the Defendants' justification for the censorship, arguing that the justification is irrelevant. The standard set out in *Tinker,* however, suggests that schools should have the opportunity "to justify prohibition of a particular expression of opinion" by "showing that engaging in the forbidden conduct would materially and substantially interfere with the requirements of appropriate discipline in the operation of the school." *Tinker*, 393 U.S. at 509 (internal quotations omitted). The Defendants will have an opportunity to present evidence of "facts that might reasonably have led [them] to forecast substantial disruption." *Id*. at 514. Whether the Defendants' anticipation of disruption was reasonable based on the information at hand

3

or simply an "undifferentiated fear or apprehension of disturbance," *i.e*. speculative, is an issue for the trier of fact.  *Id.* at 508.

### C. Evidence Produced at Summary Judgment

The Kuhrs argue that some evidence and witnesses produced in support of the Defendants' motion for summary judgment were not timely disclosed under the supplemental disclosure requirements of Fed. R. Civ. P. 26(e) and should be excluded at trial pursuant to Fed. R. Civ. P. 37(c).

Rule 37(c)(1) limits the use of "information or witness[es] . . . at trial, unless the failure [to disclose] was substantially justified or is harmless."  Rule 37(c) also gives the court discretion to apply an appropriate alternative sanction.  The Eighth Circuit has noted "that the district court's discretion narrows as the severity of the sanction or remedy it elects increases," and the Circuit has provided guidance for appropriate sanctions.  *Wegener v. Johnson*, 527 F.3d 687, 693 (8th Cir. 2008) (citing *Heartland Bank v. Heartland Home Fin., Inc.*, 335 F.3d 810, 817 (8th Cir. 2003); *Laclede Gas Co. v. G.W. Warnecke Corp.*, 604 F.2d 561, 565-66 (8th Cir. 1979)).  A court should consider "the reason for noncompliance, the surprise and prejudice to the opposing party, the extent to which allowing the information or testimony would disrupt the order and efficiency of the trial, and the importance of the information or testimony." *Id.* (citing *Sellers v. Mineta*, 350 F.3d 706, 711-72 (8th Cir. 2003); *Marti v. City of Maplewood*, 57 F.3d 680, 683 (8th Cir. 1995)).

Here, the evidence at issue was disclosed in summary judgment filings, and the Defendants argue that any failure to make the disclosures in a *timely* manner was harmless.  The Kuhrs contend that the failure was not harmless because the evidence was

produced after the discovery deadline. The Kuhrs do not claim any specific prejudice, however, nor do they specify what discovery they would have pursued had they received the disclosures earlier. Because the Plaintiffs received notice of the evidence well in advance of trial, and given that it does not appear to alter the fundamental facts as understood by the parties, the Defendants' failure to disclose in a timely manner appears to be harmless. The issue will be addressed at the Court's pretrial meeting with counsel, and the Kuhrs may request an opportunity to question the affiants, or to depose them at the Defendants' expense, before their testimony is received at trial.

### D. Evidence not Disclosed in Response to Plaintiffs' Discovery Requests

The Kuhrs seek to exclude other evidence on the basis that it was not disclosed by the Defendants in response to interrogatories, requests for production, and requests for admission. The Kuhrs note that the Defendants responded to such discovery requests with vague, non-responsive statements. Such incomplete responses by the Defendants could have prompted the Kuhrs to file motions to compel before the end of the discovery deadline, but they made no such motions. The Kuhrs may raise their objections at the time of trial, and the Court will consider, among other things, any prejudice the Kuhrs may have suffered as a consequence of the Defendants' alleged failure to provide complete and forthright responses to discovery requests.

### E. Exclusion of Newspaper Articles as Hearsay

The Kuhrs seek to exclude certain newspaper articles as hearsay. While the articles constitute out-of-court statements, the Defendants' purpose in offering such articles is not

yet clear.  Accordingly, the Plaintiffs' Motion in Limine will be denied, without prejudice to reassertion at trial.[1]

## II. Defendant's Motion

### A. Alternate Meanings of "R.I.P." T-Shirt

The Defendants seek to exclude evidence of the purpose and circumstances underlying the creation and wearing of the "R.I.P." t-shirts at issue in this case, as well as any evidence regarding "R.I.P." memorials that followed the death of the school's vice-principal.  The Defendants argue that alternate understandings of the t-shirt are irrelevant to the reasonableness of the Defendants' forecast of substantial disruption.  While the Defendants concede the relevance of evidence showing they were aware of information suggesting the shirts were *not* a threat at or prior to the censorship, they object to any evidence that suggests an alternate meaning to the t-shirts that is unconnected with the Defendants' knowledge at those times.

The issue for trial is whether the Defendants' forecast was reasonable *based on the information at hand*, not whether the shirts were *actually* gang related or *actually* posed any danger.  However, the Kuhrs do not suggest any purpose for the admission of this evidence except to call into question the "credibility" of the Defendants' forecast by showing the meaning that the Kuhrs and others *intended* when creating or wearing the shirts, and they do not claim that Defendants were aware of the intent.  If the Kuhrs are able to show

---

[1] The Plaintiffs also seek to exclude, in general, the testimony of non-parties from other proceedings on grounds that it is hearsay, irrelevant, and unduly prejudicial.  The Plaintiffs, however, do not identify any specific testimony they seek to exclude.  The Plaintiffs' Motion in limine as it relates seeking the exclusion of the testimony of non-parties will be denied without prejudice to reassertion at trial.

that the Defendants were aware of the alternate understandings of the t-shirts, then evidence of the alternate understandings will be relevant.

With respect to the Vicki Kaspar memorials, they are irrelevant to any issue before the finder-of-fact. Kaspar was an Assistant Vice Principal killed in 2011–more than two years after the Defendants made the decisions that led to this action. There is no suggestion that her death was in any way gang-related, or that the memorials gave rise to any of the same concerns that led to the censorship at issue here. Accordingly, the Defendants' Motion in Limine with respect to the Vicki Kaspar memorials will be granted.

### B. Expert Witness Testimony

While Defendants did miss their deadline under the progression order[2] for filing motions in limine to challenge the Kuhrs' experts under Rule 702, their objection to the Kuhrs' experts' testimony is based on relevance. The Defendants contend that expert testimony regarding practices of national or local gangs is irrelevant unless there is evidence that the Defendants[3] had knowledge of such practices at the time of their

---

[2] Filing No. 48, paragraph 5.a. provides:

> a. Motions in limine challenging the admissibility of expert testimony at trial under Fed. R. Evid. 702, *see Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999), and *Daubert v. Merrell-Dow Pharmaceuticals*, 509 U.S. 579 (1993), shall be filed by September 15, 2011, and accompanied by a request for a hearing if necessary. Failure to timely move for a hearing may constitute waiver of the request for a hearing.

Defendants' motion in limine was not filed until December 7, 2011, and amended December 30, 2011.

[3] In the case of MPSD, of course, the Defendant's knowledge would be that of its administrators and decision-makers.

"forecast." All parties' expert testimony is relevant only so far as it may establish the reasonableness of the Defendants' assumptions underlying their "forecast." If the testimony is sufficiently tied to what the Defendants' knew at and before the time of the censorship at issue, it is relevant. The Defendants' Motion in Limine with respect to the Plaintiffs' experts will be denied, but the Defendants may raise their relevance objections at the time of trial.

### C. Julius Robinson's Lack of Gang Affiliation

The Defendants seek to exclude as irrelevant any evidence of Julius Robinson's lack of gang affiliation. The Defendants, however, concede the relevance of evidence showing that they had knowledge of whether Julius was affiliated with a street gang. The Kuhrs assert that they should be allowed to present evidence that Julius was not a gang member for the purpose of refuting the Defendants' contention that their forecast was reasonable. Again the issue for trial is whether the Defendants' forecast was reasonable *based on the information at hand*, not whether Julius was *actually* affiliated with a gang. If the evidence is sufficiently tied to what the Defendants knew at or before the time of the censorship at issue, it is relevant. The Defendants' Motion in Limine with respect to evidence of Julius Robinson's lack of gang affiliation will be denied, but the Defendants may raise their relevance objections at the time of trial.

### D. News Reports

The Defendants have objected to two television reports that were broadcast after the Defendants the censorship at issue. The Defendants contend that the reports are irrelevant because they have no bearing on what the Defendants' knew prior to the

censorship. The Kuhrs state that they plan to use the reports for rebuttal purposes only. Thus, ruling on this evidence in limine would be premature, and the Defendants' Motion in Limine with respect to evidence of the two television reports will be denied. The Defendants may raise their objections to this evidence at the time of trial.

Accordingly,

IT IS ORDERED:

1. The Plaintiffs' Motions in Limine (Filing Nos. 90 and 103) are denied, without prejudice to the Plaintiffs raising their objections at trial; and

2. The Defendants' Motion in Limine (Filing 101) is granted in part, as follows:

   a. The Plaintiffs are precluded, in limine, from introducing testimony or other evidence regarding memorials related to the death of Vicki Kaspar; and

   b. The Defendants' Motion is otherwise denied, without prejudice to the Defendants raising their objections at trial.

DATED this 12th day of March, 2012.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge