IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CASSIE KUHR and NICK KUHR, by and through their Mother and Next Friend, JEANNE KUHR, and DAN KUHR,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>MILLARD PUBLIC SCHOOL DISTRICT, and DR. KEITH LUTZ, in his capacity as Superintendent of Millard Public Schools,<br><br>　　　　Defendants. | CASE NO. 8:09CV363<br><br><br><br>MEMORANDUM<br>AND ORDER |

　　This matter is before the Court on the Defendants' Supplemental Motion for Directed Verdict as to Plaintiff, Cassie Kuhr (Filing No. 129). At the close of the evidence, counsel for the Defendants moved for judgment in the Defendants' favor as a matter of law under Fed. R. Civ. P. 50 (Filing No. 127) and the Court took the motion under advisement. Following deliberations, the jury reached a verdict in favor of the Defendants with respect to the claims of Plaintiffs Nick Kuhr and Dan Kuhr, but failed to reach a verdict with respect to the claim of Plaintiff Cassie Kuhr, and the Defendants renewed their Rule 50 motion.

　　The Court now finds that a reasonable jury would not have a legally sufficient evidentiary basis to find in favor of Cassie Kuhr on any claim against the Defendants. While Cassie Kuhr was engaged in expressive activity[1], *i.e.*, a protest of the Defendants'

---

　　[1] In the Court's Memorandum and Order on the Defendants' Motion for Summary Judgment (Filing No. 81), the Court concluded that the Plaintiffs were engaged in expressive activity or "speech" when they wore certain memorial shirts. (*Id*. at 15.) Because of that holding, and because the parties' uncontroverted facts set out in the Joint Pretrial Order (Filing No. 114, 3-4) indicated that the memorial shirts were "honoring" Julius Robinson, the Court directed the jury that the Plaintiffs had engaged in expressive conduct and the Defendants would be required to prove their affirmative defense by a

ban of a "rest in peace" T-shirt honoring a student allegedly killed by a member of a rival gang, the Defendants presented uncontroverted evidence that when the ban was imposed they had information that reasonably led them to believe the T-shirts would cause a substantial disruption of, or interference with, school activities.  The Defendants demonstrated that T-shirts bearing the initials "R.I.P.," and memorializing individuals associated with–or believed to be associated with–gangs[2], are gang insignia perceived as "call-outs" challenging rival gangs, and may elicit violent responses from gang members, affiliates, or "wanna-bes."  The Plaintiffs later volunteered to remove the initials "R.I.P." from the T-shirts.  By the time that offer was made, however, the shirts and other paraphernalia at issue in this case were so closely associated with the killing of Julius Robinson that the Defendants reasonably concluded that the danger posed by the items could not be mitigated.

The Court concludes that the Defendants met their burden under *Tinker v. Des Moines Indep. Cmty. Sch. Dist.*, 393 U.S. 503 (1969), demonstrating a specific and

---

preponderance of the evidence.  At trial, however, Nick Kuhr testified that he wore the shirt because it matched his pants and because his family had a large supply of the shirts, ensuring that he could always find a clean one.  Dan Kuhr testified that he designed the shirts to make money for his friend's family to help pay for the friend's funeral and gravestone, and that he wore the shirt in hopes that other students would buy shirts and to help him with his personal grief.  Jeanne Kuhr testified that the shirts were not meant to communicate any message.  Cassie, however, wore the shirt and a wristband and wrote Julius's name on her arm in an effort to protest the ban on the shirts.

[2]  The Defendants presented evidence that Julius Robinson was at one time associated with the gang known as Omaha Mafia Bloods, then later disassociated himself from that gang and was a co-founder of a new gang associated with the Crips, an historic rival of the Bloods. Uncontroverted evidence at trial indicated that he was shot and killed after posting a statement on electronic social media, disrespectful of the Omaha Mafia Bloods.

significant fear that Cassie's expressive conduct would cause a disruption of school activities, and that their expectation of disruption was well-founded. No reasonable jury would have a legally sufficient evidentiary basis to find otherwise.

IT IS ORDERED:

1. The Defendants' Supplemental Motion for Directed Verdict as to Plaintiff, Cassie Kuhr (Filing No. 129) is granted; and

2. A separate Judgment will be entered in favor of the Defendants.

DATED this 23rd day of April, 2012.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge